IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-19-0400 |
| SONNY SPENCER | * | |

* * *

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is the United States of America's Motion under 18 U.S.C. § 3145 (a)(1) requesting the Court to review and reverse an April 22, 2020 Order of detention for the Defendant Sonny Spencer ("Defendant").[1] (ECF Nos. 82 & 81, respectively). The District Court reviews detention decisions <u>de novo</u>. <u>United States v. Stewart</u>, 19 F.App'x 46, 47 (4th Cir. 2001). The Motion is ripe for disposition and no hearing is necessary. (ECF Nos. 85, 87, 89). <u>See</u> Local Rule 105.6 (D.Md. 2018). For the foregoing reasons, the Motion will be granted and the Defendant will remain detained.

On August 7, 2019, the Defendant was arrested and charged with possession with intent to distribute and conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 (Count 1) and 841(a)(1) (Count 6). (ECF No. 1). The Defendant consented to detention. On April 9, 2020, the Defendant sought a detention hearing seeking release from the Correctional Treatment Facility ("CTF") in Washington, D.C. (ECF No. 68). Subsequent to a detention hearing, United States Magistrate Judge Deborah L. Boardman ordered the Defendant's release under stringent conditions, including home incarceration and monitoring by Pretrial Services and the Defendant's older sister. (ECF No. 81). The Court conditioned the release on the quashing of a state warrant

---

[1] Although technically an Order of detention, the Order allows the Defendant to be released to a third-party custodian under certain circumstances. The Government opposes the release of the Defendant under any circumstance.

alleging a violation of probation. The Court carefully balanced the factors to be weighed in accordance with the Bail Reform Act, 18 U.S.C. § 3142 and determined the Defendant had overcome the presumption of detention pursuant to § 3142(e). (ECF No. 81). Although the Court found by clear and convincing evidence, based upon the information produced at the hearing, the Defendant posed a risk to the safety of other persons and the community, it concluded that there could be conditions to ensure the safety of the community upon the quashing of the warrant. (Id.).

The Defendant primarily argues for release based upon the COVID-19 pandemic and its impact on the present conditions at CTF as well as his pre-existing conditions, making him particularly vulnerable and susceptible to the virus. Specifically, he asserts the number of positive cases for the virus, the housing environment (including quarantine conditions) given his physical condition, and the facility's response to mitigate spread when weighed against the other § 3142 present circumstances allowing for his conditional release.

Preliminarily, it is undisputed that there is a rebuttable presumption favoring detention pursuant to 18 U.S.C. § 3142(e). The Defendant has two prior convictions for narcotics distribution offenses and one robbery conviction. (ECF No. 81). The Defendant faces a minimum mandatory sentence of 5 years and a maximum sentence of 40 years as to Count 1 and a 20-year sentence as to Count 6.

> The Court next considers the factors set forth in 3142(g). These factors include:
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial

resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court will analyze each of the § 3142 factors in turn. First, as to the nature and circumstances of the offense: according to the government, the Defendant was a leader of the narcotics conspiracy that distributed and sold significant and daily amounts of heroin, fentanyl, and cocaine base. Members of the organization employed juveniles and used firearms to further the business enterprise. Much of the violence that occurs in Baltimore City stems from the illegal narcotics trade. To make matters worse, the Defendant was on probation for a narcotics distribution offense at the time of his arrest in the present case. As a result, the nature and circumstances of the offense are quite serious.

As to the weight of the evidence, the Defendant and his criminal organization engaged in numerous sales of narcotics with law enforcement monitored confidential informants. This criminal activity was audio and video recorded. Further, a search of the Defendant's residence revealed drugs, packaging material, and paraphernalia. As a result, the evidence weighs heavily against the Defendant.

As to the Defendant's history and characteristics, he is 24 years old but even at this young age has accumulated two previous convictions for distribution and one conviction for robbery. As noted above, he was on probation for a prior distribution offense at the time of his arrest on the present charges. The Defendant has offered his sister as a third-party custodian upon his release.

She is a homeowner and has no criminal history. Notably, the Magistrate Judge vetted this custodian and found her acceptable. This Court, however, for the reasons stated above, has little confidence that she could influence the Defendant in a way that would protect the public. His sister's willingness is admirable; however, she is currently furloughed and has three children to provide for. Adding the additional stressors of supervision and care for the Defendant further diminishes the Court's confidence in her ability to adequately take on the role of a third-party custodian.

The gravamen of the Defendant's release request centers around the current COVID-19 pandemic and the spread of the virus at CTF. He proffers that he has preexisting conditions (trouble breathing and lead paint poisoning) which make him particularly vulnerable to the disease in the current detention environment. The Defendant has not tested positive for the virus but has understandable concerns, citing the recent findings in Banks v. Booth, Civil Action No. 20-00846-CKK (D.D.C. 2020).

The Court has carefully considered the decision in Banks, analyzing the current conditions in CTF and the government response to protecting and treating inmates in light of the pandemic. Further, the Court is aware of the immediate injunctive relief ordered to ensure the prison population is protected. Finally, Court has reviewed the affidavit (related to the Defendant's undiagnosed shortness of breath) and the medical report of his cognitive functioning as a result of lead paint poisoning to determine the severity of the risk that the COVID-19 virus poses to the Defendant.[2]

---

[2] The Defendant's supplemental filings are not persuasive. (ECF No. 89). Although Judge Kollar-Kotelly of the U.S. District Court for the District of Columbia has concluded that the D.C. Department of Corrections must take additional steps in regard to the COVID-19 pandemic, Judge Kollar-Kotelly has not ordered that all inmates be released. In addition, at least one other judge has noted that because D.C. jail facilities are the subject of Judge Kollar-Kotelly's temporary restraining order, it can be expected that the D.C. Department of Corrections "will do everything it can to comply with that order so as to prevent the further spread of the virus to its residents and staff." United States v. Sagastume-

Based upon the record before me and balancing the risk to the Defendant against other Bail Reform Act factors in the present case, the rebuttable presumption has not been overcome. While the Court is not unsympathetic to the Defendant's current circumstances, the Court is confident, based upon the pleadings and arguments provided, that he will receive adequate care by the United States Marshal Service, who oversees his pretrial detention.

For all of the above reasons, I respectfully reverse the decision of Judge Boardman and Order that the Defendant must continue to be detained for the protection of the community.

Accordingly, the Government's appeal and opposition to release is GRANTED.

SO ORDERED this 5th day of May 2020.

/s/
_____
George L. Russell, III
United States District Judge

---

Galicia, No. 20-40 (BAH), 2020 WL 1935555, at *5 (D.D.C. Apr. 22, 2020). Further, while United States v. Keaton, TDC-18-215 may have similarities to the present case, there are differences. This Court must conduct its own individual balancing of the § 3142 factors to determine whether the presumption of detention has been overcome, and respectfully has a different opinion as to whether the Defendant should be released.